IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01124-BNB

MARK STINE,

    Plaintiff,

v.

J. MENDEZ, Thornton Police Officer,
M. P. SWISHER, Thornton Police Officer,
C. W. WICKERSHAM, Thornton Police Officer,
S. WALSH, Thornton Police Officer,
E. WARD, Thornton Police Officer,
J. S. STANELLE, Thornton Police Officer,
W. TWINEN, Thornton Police Officer,
JOHN BAILY, Ambulance Attendant, and
SEAN FITZGERALD, Ambulance Attendant,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Mark Stine, filed *pro se* a complaint. On May 28, 2008, the Court ordered Mr. Stine to cure a deficiency in the case within thirty days. Specifically, Mr. Stein was informed that the names in the caption to the complaint did not match the names in the text of the complaint. On June 18, 2008, Mr. Stine filed an amended complaint. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the amended complaint liberally because Mr. Stein is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stein will be directed to file a second amended complaint.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 3 2008

GREGORY C. LANGHAM
                   CLERK

Pages one and two of the amended complaint are nearly unintelligible. Mr. Stein's handwriting is nearly unreadable. Mr. Stein has failed to comply with the May 28, 2008, order to cure because the names in the caption to the amended complaint do not match the names in the text of the amended complaint. He fails to assert jurisdiction. He fails to ask for relief. He fails to sign the complaint. *See* Rule 10(a) of the Federal Rules of Civil Procedure. He fails to assert any claims. Instead, he apparently expects the Court and the defendants to sift through his typewritten pages to determine his claims, and to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. It is Mr. Stein's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Stein must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

The amended complaint Mr. Stein will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

2

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Stein "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Mark Stein, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stein, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Stein fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED June 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01124-BNB

Mark Stine
1671 Washington Street #36
Denver, CO 80211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 6/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk