IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01124-BNB

MARK STINE,

    Plaintiff,

v.

J. S. STANELLE,
W. TWINEM,
E. WARD,
M. P. SWISHER,
WICKERSHAM,
J. MENDEZ,
JOHN BAILY,
SEAN FITZGERALD,
NOEL BRUSCK, Mayor, and
CITY COUNCIL OF THORNTON, CO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 24 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Mark Stine, filed *pro se* a complaint. On May 28, 2008, the Court ordered Mr. Stine to cure a deficiency in the case within thirty days. Specifically, Mr. Stein was informed that the names in the caption to the complaint did not match the names in the text of the complaint. On June 18, 2008, Mr. Stine filed an amended complaint. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

On June 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Stine to file within thirty days a second amended complaint. In the June 23 order, Magistrate Judge Boland noted:

> Pages one and two of the amended complaint are nearly unintelligible. Mr. Stein's handwriting is nearly unreadable. Mr. Stein has failed to comply with the May 28, 2008, order to cure because the names in the caption to the amended complaint do not match the names in the text of the amended complaint. He fails to assert jurisdiction. He fails to ask for relief. He fails to sign the complaint. *See* Rule 10(a) of the Federal Rules of Civil Procedure. He fails to assert any claims. Instead, he apparently expects the Court and the defendants to sift through his typewritten pages to determine his claims, and to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. It is Mr. Stein's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Stein must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

June 23, 2008, Order Directing Plaintiff to File Second Amended Complaint at 2.

On July 18, 2008, Mr. Stine filed a second amended complaint. The Court must construe the second amended complaint liberally because Mr. Stein is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed.

Although Mr. Stine has signed the second amended complaint and does ask for money damages as relief, he again fails to assert jurisdiction. The names in the caption to the second amended complaint do not match the names in the text of the amended complaint. He again fails to assert any claims. Despite his attempt to allege each Defendant's personal participation, he again expects the Court and Defendants to sift

2

through his typewritten pages and attachments to determine his claims and how his constitutional rights have been violated. As Magistrate Judge Boland informed Mr. Stine in the June 23, 2008, order for a second amended complaint, that is not a judicial function. It is Mr. Stein's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Stein must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

By failing to comply with all the directives in the June 23, 2008, order, Mr. Stine has failed to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. As Magistrate Judge Boland noted in the June 23 order, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland pointed out that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

He specifically pointed out that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

demand for the relief sought . . . ." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." He further explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He noted that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Lastly, he noted that in order for Mr. Stein "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

The second amended complaint filed by Mr. Stine fails to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the second amended complaint is dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to comply with the directives in of the June 23, 2008, order for a second amended complaint.

DATED at Denver, Colorado, this 23 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01124-BNB

Mark Stine
1671 Washington Street #36
Denver, CO 80203

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/24/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk